NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONGFANG HUO, | No. 20-70966 |
| Petitioner, | Agency No. A201-208-495 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2021**
Pasadena, California

Before: R. NELSON and BADE, Circuit Judges, and HELLERSTEIN,*** District
Judge.

Dongfang Huo, a native and citizen of China, petitions for review of a Board

of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ")

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Alvin K. Hellerstein, United States District Judge for
the Southern District of New York, sitting by designation.

order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Petitioner challenges the BIA and IJ's (collectively, "Agency") adverse credibility determination based on her demeanor and inconsistencies in her testimony. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

We review factual findings, including adverse credibility determinations, for substantial evidence. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020); *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). "Considering the totality of the circumstances," the Agency "may base a credibility determination on the [applicant's] demeanor, candor, or responsiveness . . . , the inherent plausibility of the . . . account, the consistency of [the applicant's] statements . . . , and any inaccuracies or falsehoods in [the applicant's] statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "Where, as here, the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review both decisions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016).

To begin with, the Agency found that Petitioner's demeanor undermined her credibility. She was flippant in explaining she had previously memorized the information in her visa application but now did not remember any of the

2

information because none of it was true.  Moreover, she laughed in amusement at her own testimony while responding to questions about her former boyfriend, the supposed father of her aborted child.  After repeated admonishment by the IJ, she unpersuasively explained she laughed because she had a current boyfriend with the same name as her former boyfriend.

The Agency additionally identified several inconsistencies in Petitioner's testimony.  Particularly, Petitioner never testified that her abortion was coerced and omitted significant details about the supposed coercion until she was questioned on cross-examination.  The Agency found unconvincing Petitioner's explanation that she was simply answering what was asked, noting she had been asked open-ended questions.

Further, Petitioner initially testified she suffered facial cuts from a beating during her detention and interrogation.  But later she retracted this claim, stating she suffered only bruises.  The Agency found unconvincing her explanation that she misunderstood the meaning of "cut," as she was unable to explain what she had understood it to mean.

Finally, Petitioner testified that she decided to study abroad in 2010 after her alleged arrest for attending a church.  But Petitioner had applied for a passport in 2009, prior to her alleged arrest.  Petitioner then admitted she had planned to study abroad in 2009, which prompted her passport application.  Her explanation that

studying abroad was a "possibility" in 2009 was found unpersuasive.

Considering the totality of the circumstances, substantial evidence supports the Agency's adverse credibility determination. The Agency provided numerous "specific and cogent reasons" supporting its adverse credibility determination and why it found Petitioner's explanations unconvincing. *See Shrestha*, 590 F.3d at 1042. And Petitioner did not provide objective documentary evidence that rehabilitated her credibility. *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). She provided evidence only of abortion, but not of any coercion, and no evidence as to the circumstances regarding her treatment for swelling, bruising, headache, and dizziness.

The Agency's adverse credibility finding renders Petitioner ineligible for asylum or withholding of removal. *See id.* Likewise, because the central evidence supporting her CAT claim—Petitioner's testimony—is discredited, her CAT claim also fails. *See Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015). The remainder of the evidence does not "compel the conclusion that [Petitioner] is more likely than not to be tortured." *See Shrestha*, 590 F.3d at 1049.

**PETITION FOR REVIEW DENIED.**